**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELIASAR WALBERTO MATUTE-ORELLANA,<br><br>Defendant. | CR 26-117-BLG-KSL<br><br>**ORDER SETTING SENTENCING** |

Defendant entered his plea of guilty before U.S. Magistrate Judge Timothy J. Cavan in open court on November 10, 2026. United States Magistrate Judge Timothy J. Cavan entered Findings and Recommendation in this matter on November 10, 2026 (Doc. 25). No objections having been filed within fourteen days thereof,

IT IS HEREBY ORDERED that Judge Cavan's Findings and Recommendations (Doc. 25) are ADOPTED IN FULL;

Therefore,

IT IS HEREBY ORDERED that,

1. Sentencing is set for **Wednesday, March 10, 2027** at **10:00 a.m.**, in the James F. Battin Courthouse, 2601 Second Avenue North, Billings, Montana.

2. The United States Probation Office shall conduct a presentence investigation and prepare a presentence report. Fed. R. Crim. P. 32(c), (d); 18 U.S.C. §3552(a).

3. On or before **January 21, 2027**, the probation officer shall file the presentence report under seal, with access restricted to the Court, the United States Probation Office, and counsel of record. **Fed. R. Crim. P. 32(e)(2).** Disclosure to defense counsel constitutes disclosure to Defendant. The probation officer shall not disclose any recommendation made or to be made to the Court.

4. If restitution is mandatory, the probation officer shall discuss a payment plan with Defendant and shall make recommendations to the Court concerning interest and a payment schedule.

5. On or before **February 4, 2027**, each party shall file one of the following under seal: (a) "Objections of [Defendant/the United States] to the Presentence Report," identifying any objection to material information, sentencing classifications, guideline calculations, or policy statements contained in or omitted from the report, with the grounds for each objection; or (b) a "Notice of No Objections to the Presentence Report." Fed. R. Crim. P. 32(f)(1); U.S.S.G. §6A1.2. Objections shall be served on the probation officer the same day. Counsel shall confer with the probation officer and attempt in good faith to resolve objections informally. The

probation officer may require counsel to meet to discuss unresolved factual and legal issues.

6. On or before **February 17, 2027**, the probation officer shall file under seal the final presentence report and an addendum stating, as to each party, any unresolved objections, the grounds for those objections, and the probation officer's comments on them, or a statement that the party made no objections. Fed. R. Crim. P. 32(g). Access will be restricted to the Court, the United States Probation Office, and counsel of record. The probation officer shall certify that the final report and addendum have been disclosed to counsel and that the addendum fairly states all remaining objections.

7. Sentencing memoranda are mandatory for both parties. On or before **February 24, 2027**, each party shall file a sentencing memorandum addressing all contested sentencing issues, the party's position under 18 U.S.C. §3553(a), and the specific sentence it recommends. If a plea agreement limits a party's recommendation, the memorandum shall state the recommendation the agreement permits and cite the governing provision. A short memorandum that states no objections remain and makes the recommendations required by this paragraph satisfies it. A party seeking a departure or variance from the advisory guideline range shall state in its memorandum each ground relied upon. Any argument concerning Defendant's

cooperation or assistance to law enforcement shall be filed under seal as a separate "Sealed Supplement to Sentencing Memorandum" and not in the public memorandum.

8. On or before **February 24, 2027**, and in every case, the United States shall file under seal a document titled "Sealed Supplement to Sentencing Memorandum." The supplement is the exclusive vehicle for any motion under 18 U.S.C. §3553(e) or U.S.S.G. §5K1.1, or for a sentence below a statutory mandatory minimum, and shall contain either (i) any such motion, together with the government's statement of the nature and value of Defendant's assistance; or (ii) a statement that the United States makes no such motion. The supplement is required regardless of its content so that the existence of a sealed filing does not indicate whether a defendant cooperated. This paragraph governs the timing and form of the filing only and does not direct the United States to file, or refrain from filing, any motion.

9. Other Sentencing Motions:

(a) *Forfeiture.* If forfeiture is sought, the United States shall, on or before **February 4, 2027**, file either (i) a proposed preliminary order of forfeiture to which Defendant has consented, whether in the plea agreement or otherwise, or (ii) a motion for a preliminary order of forfeiture. Any objection shall be filed within 14 days. Fed. R. Crim. P. 32.2(b)(2)(B).

(b) *Motions addressed in memoranda.* Any motion under U.S.S.G. §3E1.1(b), any request for voluntary surrender or for a recommendation to the Bureau of Prisons, and any other motion relating to sentencing not otherwise addressed in this Order shall be included in the party's sentencing memorandum.

(c) *Exhibits and victims.* Each party shall file any exhibits it intends to offer at sentencing with its memorandum. The United States shall state in its memorandum whether any victim has asked to be heard at sentencing. 18 U.S.C. §3771(a)(4). Any party intending to call witnesses at sentencing shall identify them, with a brief summary of the anticipated testimony, in its memorandum.

(d) *Continuances.* Motions to continue sentencing shall be filed on or before **February 24, 2027**, shall state the position of the opposing party and the United States Probation Office, and will not be granted absent good cause. Motions filed after that date shall explain why the grounds could not have been raised earlier.

(e) *Withdrawal of plea.* Any motion to withdraw the guilty plea shall be filed promptly after the grounds become known. A motion filed after the memorandum deadline shall explain the delay.

10. Responses to sentencing memoranda shall be filed on or before **March 3, 2027**. Responses are limited to matters raised in the opposing party's memorandum. A party that failed to file a timely memorandum as required by paragraph 7 shall not file a response. Reply briefs will not be accepted for filing in sentencing matters.

11. Except as to objections timely filed under paragraph 5 and unresolved in the addendum, the Court may accept the presentence report as accurate. Fed. R. Crim. P. 32(i)(3)(A); U.S.S.G. §6A1.3. The Court will not consider objections, departure or variance arguments, or sentencing memoranda not timely filed, absent good cause shown. A party that fails to file a sentencing memorandum as required by paragraph 7 is in violation of this Order. That party will be deemed to take no position beyond the terms of any plea agreement, and will not be heard at the hearing on any argument that could have been presented in a timely memorandum, except as necessary to respond to matters raised by the opposing party or the Court. Repeated or willful failure to comply with this Order may additionally result in sanctions against counsel.

12. The Court will resolve objections included in the addendum to the presentence report at the sentencing hearing in accordance with U.S.S.G. §6A1.3. In resolving disputed facts, the Court may consider any reliable information presented by either party.

13. The deadlines in this Order may be modified only by Court order on a showing of good cause, made by motion filed before the deadline expires. The 14-day objection period in paragraph 5 may be shortened only with the consent of both parties. Stipulations between the parties do not extend any deadline.

14. Defendant is to remain in the custody of the U.S. Marshals pending sentencing.

The clerk shall promptly notify counsel and the probation office of the entry of this Order.

DATED this 24th day of November, 2026.

Kathleen Lane
KATHLEEN S. LANE
United States District Judge